CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 06, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **RONNIE B. BULLOCK,** ) | |
| Plaintiff, ) | Case No. 7:23-cv-00337 |
| ) | |
| v. ) | |
| ) | **By: Michael F. Urbanski** |
| **JAMES HAMBY, et al.,** ) | **Chief United States District Judge** |
| Defendants. ) | |

## MEMORANDUM OPINION

Ronnie B. Bullock, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Dr. James Hamby and Nurse D. Ball. Dr. Hamby has filed a motion to dismiss for insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5). ECF No. 24. For the reasons set forth below, the motion to dismiss is **DENIED**.

## Background

On June 7, 2023, Bullock filed this action against Dr. Hamby and Nurse Ball. Bullock claims that Dr. Hamby, the dentist at Keen Mountain Correctional Center (KMCC), provided constitutionally inadequate dental treatment while Bullock was incarcerated at that facility. ECF No. 1.

Bullock subsequently filed a motion to proceed in forma pauperis (IFP) and for assistance in effecting service of process on the defendants. ECF No. 4. That motion was granted on July 19, 2023, and the Clerk was directed to cause the defendants to be notified of the action, pursuant to Federal Rule of Civil Procedure 4 and the Agreement on Acceptance of Service between the Clerk and the Office of the Attorney General for the Commonwealth of Virginia (OAG). ECF No. 5.

On August 10, 2023, the OAG notified the Clerk that it could not accept service of process for Dr. Hamby, since he was not a Virginia Department of Corrections employee during the relevant timeframe. ECF No. 9. By order entered August 11, 2023, Bullock was directed to provide an address at which service of process could be accomplished on Dr. Hamby. ECF No. 10. Bullock subsequently advised the court that Dr. Hamby was still working as a dentist at KMCC in Oakwood, Virginia. ECF No. 12.

On October 17, 2023, the United States Marshals Service was directed to attempt service of process on Dr. Hamby. ECF No. 17. Two weeks later, a deputy marshal submitted a process receipt and return reporting that the summons for Dr. Hamby had been served on a dental assistant at KMCC on October 30, 2023. See ECF No. 19 at 3. The deputy marshal also submitted a proof of service containing the following statement: "I left the summons at the individual's residence or usual place of abode with . . . Trina Hyden (dental assistant), a person of suitable age and discretion who resides there." Id. at 2. The docket entry for the proof of service states as follows: "James Hamby served on 10/30/2023, answer due 11/20/2023." ECF No. 19.

On November 27, 2023, counsel appeared on behalf of Dr. Hamby. Dr. Hamby then filed the pending motion to dismiss for insufficient service of process. Bullock has responded to the motion, and it is ripe for decision.

## Discussion

A motion to dismiss for insufficient service of process is permitted by Federal Rule of Civil Procedure 12(b)(5). When a defendant files a motion to dismiss pursuant to this rule, "[t]he plaintiff bears the burden of proving adequate service." Scott v. Md. State Dep't of

Labor, 673 F. App'x 299, 304 (4th Cir. 2016). "Although actual notice typically warrants liberal construction of the [service] rules, they are there to be followed, and plain requirements . . . may not be ignored." Id. Thus, actual notice is "not the controlling standard" for adequate service of process. Id. Nonetheless, dismissal under Rule 12(b)(5) is not required "where it appears that service can be properly made" and that the defendant will not suffer any prejudice. Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996) (internal quotation marks and citation omitted); see also Gregory v. United States/United States Bankruptcy Court, 942 F.2d 1498, 1500 (10th Cir. 1991) ("The general rule is that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.") (internal quotation marks and citation omitted).

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process on an individual in the United States. The rule provides that "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by":

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In support of the pending motion, Dr. Hamby emphasizes that KMCC is neither his "'dwelling' nor his 'usual place of abode,'" Def.'s Br. Supp. M. Dismiss 2, ECF No. 23 (quoting Fed. R. Civ. P. 4(e)(2)), and that the dental assistant identified in the proof of service is "a mere coworker, not an agent appointed to receive service of process for Dr. Hamby or authorized by law to do so," id. (citing Turner v. Howell, No. 4:22-cv-00130, 2023 WL 6509490, at *5 (W.D. Va. Oct. 5, 2023)). Thus, Dr. Hamby correctly argues that service of process was not properly effected pursuant to Federal Rule of Civil Procedure 4(e)(2) or Virginia law. Id.; see also Va. Code § 8.01-296 (governing service of process upon natural persons in Virginia).

Nonetheless, the court declines to dismiss the case against Dr. Hamby on this ground. The service defect identified by Dr. Hamby is plainly curable, and there is no indication that any prejudice will result from allowing additional time to obtain proper service. Additionally, the service defect is not attributable to any action taken by Bullock. Because Bullock was granted leave to proceed IFP for purposes of service, the court directed the Marshals Service to serve Dr. Hamby in accordance with Rule 4(c)(3). See Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ."). Because the Marshals Service, rather than the plaintiff, is responsible for service of process in this case, the "failure of the Marshals Service to properly effect service constitutes good cause for the

4

plaintiff's failure to timely or correctly effect service under Rule 4," rendering dismissal inappropriate. Vick v. Bernard, No. 2:15-cv-00116, 2018 WL 9811694, at *2 (E.D. Tenn. Nov. 14, 2018); see also Counce v. Wolting, No. 5:13-cv-03199, 2017 WL 661583, at *3 (D. Kan. Feb. 17, 2017) ("By virtue of Rule 4(c)(3) and 28 U.S.C. § 1915(d), a party proceeding in forma pauperis, as is the case here, is entitled to rely on the United States Marshal and officers of the court for service of the summons and complaint. If the necessary information has been provided, the plaintiff will not be penalized with dismissal of the case when service fails because the Marshal or clerk's office does not perform the duties specified by rule and statute.") (collecting cases).

## Conclusion

For the reasons stated, Dr. Hamby's motion to dismiss for insufficient service of process, ECF No. 24, is **DENIED**. The court will direct Dr. Hamby's counsel to provide the address at which service of process may be effected on Dr. Hamby, and upon receipt that information, the court will direct the Marshals Service to undertake additional efforts to obtain proper service. Alternatively, Dr. Hamby may agree to waive service of process pursuant to Rule 4(d). An appropriate order will be entered.

Entered: June 5, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.06.05 18:04:04
-04'00'

Michael F. Urbanski
Chief United States District Judge